## Miller v. Diamond

*Gregory M. Snyder,* for plaintiffs.
*Daniel F. Wolfson,* for defendants.

MILLER, *J.,* December 5, 1983—This matter is before the court on plaintiffs' motion for judgment on the pleadings. The complaint alleged that plaintiffs and defendants entered into an agreement of sale whereby plaintiffs agreed to buy certain premises of defendants in East Manchester Township, York County, Pa., for the sum of $24,900. Plaintiffs made a downpayment of $5,000 to defendants. Plaintiffs alleged the invalidity of the agreement of sale for the reason that it did not contain the language required to be contained in such an agreement by the terms of the Pennsylvania Sewage Facilities Act, which requires certain written disclosure in the contract of sale for land where there is no community sewage system available. Plaintiffs therefore ask for a return of their downpayment money. Defendants filed an answer and counterclaim alleging substantial compliance with the disclosure provisions of the Sewage Facilities Act and alleged that defendants breached the agreement of sale by failing to settle on the appointed date. By way of counterclaim, defendants allege that, at plaintiffs' request, they purchased an adjoining tract of real estate from Penn Central Corporation for the purpose of conveying both tracts to plaintiffs, and that defendants expended the total sum of $10,940.75 in reliance upon plaintiffs' agreement to purchase the premises. Defendants have attached as an exhibit to their counterclaim a written request

by plaintiffs to release certain monies to be paid toward the survey work for the purchase of the Penn Central premises. Plaintiffs' answer to the counterclaim denies any agreement on plaintiffs' part to purchase any additional real estate. It should also be noted that defendants in their counterclaim asked the court for equitable relief in the nature of specific performance of the original agreement of sale.

The Pennsylvania Sewage Facilities Act, January 24, 1966, P.L. (1965) 1535, 35 P.S. 750.7a, provides:

"(a) Every contract for the sale of a lot . . . for which there is no currently existing community sewage system available shall contain a statement in the contract clearly indicating to the buyer that there is no community sewage system available and that a permit for an individual sewage system will have to be obtained pursuant to (35 P.S. 750.7). The contract shall also clearly state that the buyer should contact the local agency charged with administering this act before signing the contract to determine the procedure and requirements for obtaining a permit for an individual sewage system if one has not already been obtained . . .

(b) Any contract for the sale of a lot which does not conform to the requirements of subsection (a) shall not be enforceable by the seller against the buyer. Any term of such contract purporting to waive the rights of the buyer to the disclosures required in subsection (a) shall be void."

In this case, the pleadings disclose that there were no currently existing community sewage facilities available. Therefore, disclosure was required. The only clause in the agreement of sale which could even arguably be held to satisfy the disclosure requirements of the act is the one which states that "Buyers are aware that they have to abide

by township regulations for building permits and sewage approval." Defendants allege that this provision in the agreement of sale satisfied the disclosure requirements of the act. They also allege that if this statement is not held sufficient to meet those requirements, plaintiffs' acts prior to, during and subsequent to the execution of the agreement of sale establishes their knowledge and familiarity with the sewage requirements.

We are satisfied that the act, under the circumstances, requires a statement in the contract which clearly indicates to the buyer that there is no community sewage system available and that a permit for an individual sewage system must be obtained. Therefore, actions prior to, during and subsequent to the agreement of sale are not sufficient to satisfy the disclosure requirement of the act which is set out in clear and mandatory language. In fact, the effect of the clause in the agreement of sale upon which defendants rely is more akin to a waiver of the disclosure requirements than it is to actual disclosure as required by the act. It is noted that any purported waiver of those disclosure rights is void.

Having concluded that the agreement of sale does not contain the required disclosure statement, we find that subsection (b) of 750.71 renders the agreement unenforceable by the seller against the buyer. Accordingly, we are constrained to and do grant judgment on the pleadings in favor of plaintiffs and against defendants on plaintiffs' claim for a return of their downpayment.

We refuse to enter judgment on the pleadings of defendants' counterclaim, however. Although plaintiffs allege that defendants' counterclaim is based upon a transaction which was predicated upon the original agreement of sale, we believe that there are issues of fact in dispute which do not require us to

reach the same conclusion regarding defendants' counterclaim.

Accordingly, we enter the following

## ORDER

And now, this December 5, 1983, plaintiffs' motion for judgment on the pleadings as to their claim against defendants for the return of their downpayment is granted and judgment is entered in favor of plaintiffs and against defendants in the amount of $5,000 together with interest from January 22, 1980.